## UNITED STATES DISTRICT COURT
## NEW JERSEY DISTRICT COURT

| | |
|---|---|
| SHAMIK SPANN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | Case No. _____ |
| **Plaintiff,**<br>**v.** | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| FAMILY DOLLAR STORES, INC. (d/b/a FAMILY DOLLAR), MIDWOOD BRANDS, LLC, and DOLLAR TREE, INC. | |
| **Defendant.** | |

Plaintiff Shamik Spann ("Plaintiff"), individually and on behalf of all others similarly situated, makes the following allegations based on her personal knowledge of her own acts and, otherwise, upon information and belief including based on investigation of counsel.

### NATURE AND SUMMARY OF THE ACTION

1.     Plaintiff, by and through undersigned counsel, brings this action both on her own behalf and on behalf of the class defined below, comprised of all individuals similarly situated within the State of New Jersey, to redress the unlawful, unconscionable, misleading, and deceptive practices employed by Defendants, Family Dollar Stores, Inc., (d/b/a Family Dollar), Midwood Brands, LLC and Dollar Tree, Inc., ("Defendants") in connection with their marketing and sale of AMERICAN XT SAE 30 motor oil sold in its stores.

1

2.      Defendants sell a type of motor oil (labeled "AMERICAN XT SAE 30") that is obsolete and potentially harmful to its customers' automobiles by using deceptive and misleading sales and marketing tactics including the positioning of its obsolete motor oil immediately adjacent to the more expensive standard- and premium-quality motor oils manufactured by its competitors and failing to adequately warn its customers that its AMERICAN XT SAE 30 motor oil is unsuitable for use by the vast majority, if not all, of its customers.

3.      Defendants unlawful, unconscionable, deceptive, misleading, fraudulent, and misrepresentative acts and omissions violate New Jersey's Consumer Fraud Act ("NJCFA") and the contractual rights of consumers.

## PARTIES

4.      Plaintiff Shamik Spann is an individual adult resident citizen of the City of Plainfield, County of Union, State of New Jersey and is a member of the Class alleged herein.

5.      Plaintiff purchased Family Dollar's AMERICAN XT SAE 30 motor oil from Family Dollar's store in Plainfield, New Jersey, on approximately six occasions between the summer of 2015 and early 2016 for her 2005 Nissan Infinity.

6.      Defendant Family Dollar Stores, Inc., is incorporated under the laws of the State of Delaware, with its headquarters located at 10401 Monroe Road,

Matthews, North Carolina.  Family Dollar maintains over 100 stores throughout the State of New Jersey.

7.    Defendant Midwood Brands, LLC, is incorporated under the laws of the State of North Carolina, with its headquarters located at 10611 Monroe Road, Matthews, North Carolina.

8.    Defendant Midwood Brands, LLC is a subsidiary of Defendant Family Dollar Stores, Inc., and is the distributor of Family Dollar's American XT SAE 30 motor oil.

9.    Defendant Midwood Brands, LLC and Defendant Family Dollar Stores, Inc., are referred to collectively as "Family Dollar."

10.    Defendant Dollar Tree, Inc. ("Dollar Tree") is incorporated under the laws of the Commonwealth of Virginia, with its headquarters are located at 500 Volvo Parkway, Chesapeake, Virginia.

11.    Defendant Dollar Tree acquired Family Dollar in July, 2015, making Family Dollar a direct, wholly owned subsidiary of Dollar Tree.

12.    Unless otherwise specified, as used herein, "Defendants" refers to Defendant Family Dollar, Stores, Inc., Defendant Midwood Brands, LLC, and Defendant Dollar Tree, Inc., collectively.

13.    At all relevant times, including after its acquisition by Dollar Tree, Defendant Family Dollar marketed, distributed and sold its obsolete American XT

SAE 30 motor oil in its stores throughout the United States, including in the State of New Jersey, utilizing unlawful, unconscionable, fraudulent, deceptive and misleading marketing and sales practices in connection with the sale of American XT SAE 30 motor oil to Plaintiff and Class Members for use in their modern-day motor vehicles.  These practices were employed with the intent to deceive Plaintiff and the Class members into purchasing Family Dollar's obsolete motor oil for use in their modern-day vehicles knowing that its motor oil is obsolete and likely to cause damage to any such vehicle.

14.      As such, purchasers of Defendants American XT SAE 30 motor oil have suffered ascertainable losses as a result of Defendants' unconscionable, misleading, deceptive, fraudulent, and misrepresentative acts.

15.      Defendants maintains approximately 113 stores throughout the State of New Jersey.  As such, New Jersey courts maintain a significant interest in regulating Defendants' conduct which emanates from New Jersey, yet deceives consumers nationwide.

## JURISDICTION AND VENUE

16.      Jurisdiction is proper in this Court pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d), because members of the proposed Class are citizens of states different from Defendant's home state, there are more than 100

Class Members, and the amount-in-controversy exceeds $5,000,000 exclusive of interest and costs.

17.     This Court has jurisdiction over the Defendants named herein because Defendants are foreign corporations or association authorized to do business in New Jersey and registered with the New Jersey Secretary of State, do sufficient business in New Jersey, and have sufficient minimum contacts with New Jersey and/or otherwise intentionally avails themselves of the laws and markets of New Jersey, through the promotion, sale, marketing and distribution of its merchandise in New Jersey, to render the exercise of jurisdiction by the New Jersey courts permissible.

18.     Venue is proper in this District under 28 U.S.C. §1391(b) because Defendants' improper conduct alleged in this complaint occurred in, was directed from, and/or emanated from this judicial district, because Defendants have caused harm to Class Members residing in this district, and/or because the Defendants are subject to personal jurisdiction in this district.

19.     In addition, Defendant, Family Dollar operates approximately 113 stores in New Jersey and has received substantial compensation from New Jersey consumers who purchase goods from Defendants.

## FACTUAL ALLEGATIONS

20.      Family Dollar operates a chain of variety stores headquartered in Matthews, North Carolina.   Prior to its acquisition by Defendant Dollar Tree, Family Dollar operated approximately 8,112 stores in 47 states, including approximately 113 stores in the State of New Jersey.

21.      Family Dollar is a discount retailer focused on low- and lower-middle income households in urban and rural locations, and the majority of its merchandise is priced at $10 or less.

22.      Family Dollar operates relatively small stores located in or near its where its customers live.

23.      Family Dollar markets and sells a line of motor oils which bear the designation "AMERICAN XT."

24.      Family Dollar markets and sells several types of AMERICAN XT motor oil, one of which is AMERICAN XT SAE 30.

25.      Family Dollar's AMERICAN XT SAE 30 motor oil fails to protect and can actively damage modern-day automobiles.

26.      Motor oils lubricate the engines of the automobiles driven by individuals.   Their main function is to reduce wear on an engine's moving parts. Motor oils also inhibit corrosion, improve sealing and keep engines properly cooled.

27.     Motor oils have evolved in parallel with the automobiles they are meant to protect.  Institutions like the Society of Automotive Engineers ("SAE") employ rigorous tests to ensure that motor oils meet evolving standards relating to, among other criteria, sludge buildup, temperature volatility, resistance to rust, resistance to foaming, resistance to oil consumption, homogeneity and miscibility.

28.     Motor oils designed to protect engines from earlier eras do not protect, and can harm, modern-day engines.  Thus, motor oil that would be suitable to use in an engine manufactured in the 1930's is not suitable for use in modern-day engines.[1]

29.     Defendants engage in the unconscionable, unfair, unlawful, deceptive, misleading and fraudulent practice of marketing, selling and causing to be manufactured obsolete motor oil without adequately warning that its product is unsuitable for, and can harm, the vehicles driven by the overwhelming majority of Defendants' customers (and the public at large).

30.     Defendants misleads customers by using product placement tactics and misleading labels which obscure a critical fact from Defendants' customers: Defendants' AMERICAN XT SAE 30 motor oil is unfit for, and can harm, the vehicles driven by the vast majority, if not all, of its customers.

---

[1] *See, e.g.* The Petroleum Quality Institute of America, *Some Engine Oils Currently on the Shelves Can Harm Your Engine*, http://www.pqiamerica.com/apiserviceclass.htm

31.     Defendants' AMERICAN XT SAE 30 motor oil uses the same or similar SAE nomenclature on the front of its labels as do the other mainstream, non-harmful, and actually useful brands of motor oil sold by Family Dollar and beside which Defendants places the AMERICAN XT SAE 30 motor oil on its shelves.

32.     However, among the small print on the back label of Defendants' AMERICAN XT SAE 30 motor oil is the statement that AMERICAN XT SAE 30 is admittedly "not suitable for use in most gasoline-powered automotive engines built after 1930," and its "use in modern engines may cause unsatisfactory engine performance or equipment harm."

33.     Defendants conceals this language by rendering it in small font and confining it to the product's back label, which is not visible when the products are on store shelves.

34.     Few, if any, of Defendants customers drive vehicles for which this product is safe, and its label does not inform a reasonable consumer that it is not safe for cars manufactured within the past 85 years.

35.     Defendants further disguises the obsolete and harmful nature of their motor oil with the positioning of AMERICAN XT SAE 30 motor oil on Family Dollar shelves in a misleading manner.  Specifically, Family Dollar places similar quantities of AMERICAN XT SAE 30 motor oil, none of which is suitable for

modern-day automobiles, adjacent to an array of other motor oils which are suitable for modern-day vehicles.    The photograph below illustrates how Defendants effects this deception:



36.       As the photograph above illustrates, Defendants place their AMERICAN XT SAE 30 motor oil on the same shelves, in the same or similar quantities, as Quaker State, Pennzoil, other types of AMERICAN XT motor oil

and other legitimate motor oils that are suitable for modern-day automobiles. Each type of motor oil uses the SAE nomenclature on the front. The only apparent difference is the price, as Defendants' AMERICAN XT SAE 30 motor oil is less expensive than the others.

37.     Defendants' product display conceals the fact that their AMERICAN XT SAE 30 motor oil has an extremely obscure and limited use and is likely to cause damage to the engines of most of the consumers purchasing motor oil. Defendant's product positioning and the deceptive label on the motor oil are likely to deceive reasonable customers.

38.     Defendants also fails to warn their customers adequately of the obsolete nature of the AMERICAN XT SAE 30 motor oil or of the dangers AMERICAN XT SAE 30 motor oil poses to the very automobiles its customers are trying to protect by purchasing it. An adequate warning for Defendants' AMERICAN XT SAE 30 obsolete motor oil would be displayed conspicuously and would inform Defendants' customers of the appropriate uses, if any, of the its AMERICAN XT SAE 30 motor oil. But Defendants provides its customers with no such conspicuous warnings. Instead, the company buries the aforementioned statements on the backs of its products in small type where customers are unlikely to encounter them.

39.     AMERICAN XT SAE 30 bears the following labels on its front (left)

and back (right):



The photograph below is a close-up of AMERICAN XT SAE 30's back label, which includes the warnings, "IT IS NOT SUITABLE FOR USE IN MOST GASOLINE-POWERED AUTOMOBILE ENGINES BUILT AFTER 1930" and "USE IN MODERN ENGINES MAY CAUSE UNSATISFACTORY ENGINE PERFORMANCE OR EQUIPMENT HARM.":



40.    Defendants' AMERICAN XT SAE 30 low-cost motor oil is unsuitable for the modern-day vehicles driven by its customers and has no business being sold by Family Dollar, except that it is successfully deceiving a sufficient number of customers to make this fraudulent practice worthwhile.  It is unfair, unlawful, deceptive and fraudulent for Defendants to distribute, market, and sell an entire line of motor oil that is unfit for, and presents concrete dangers to, the automobiles driven by the vast majority of its customers.

41.    Defendants knew or should have known that their customers are being deceived by its marketing strategy based on the quantity of its obsolete AMERICAN XT SAE 30 motor oil sold compared to the limited number of automobiles for which these oils are appropriate.

42.    New Jersey consumer protection laws are designed to protect consumers from this type of deceptive advertising and predatory conduct.

43.    Defendants' unfair, unlawful, unconscionable, misleading and deceptive course of conduct victimized all purchasers of American XT SAE 30 motor oil from Family Dollar, throughout the country and in the State of New Jersey.

44.    Defendants' scheme to deceive and defraud consumers violates the New Jersey's Consumer Fraud Act ("CFA"), *N.J.S.A.* 56:8-1, *et seq.,* and consumers' contractual rights.

45.      As a direct and proximate result of Defendants' deceptive, unlawful, misleading, fraudulent and unconscionable practices, Plaintiff and the Class Members purchased a product they would not have otherwise purchased and have suffered and will continue to suffer economic damages.  Indeed, the products are useless in all but the most outdated automotive engines.  Had Plaintiff and Class Members not been deceived by Defendants they would not have purchased this virtually obsolete oil.

46.      In addition, many Class Members have sustained damage to their automobiles as a result of the use of Defendants' American XT SAE 30 motor oil and have suffered and will continue to suffer economic damage as a result.

47.      Plaintiff therefore brings the statutory and common law claims alleged herein to halt Defendants' deceptive, unconscionable, unlawful, fraudulent, sharp and misleading practices and to obtain compensation for the losses suffered by Plaintiff and all Class Members.

## CLASS ACTION ALLEGATIONS

48.      Plaintiff brings this class action pursuant to Rule 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of himself and all members of the following Class:

> **All persons in the State of New Jersey who purchased Family Dollar's AMERICAN XT SAE 30 motor oil for personal use and not for re-sale, since February 2010.**

49.     Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint.

50.     Specifically excluded from the proposed Class are Defendants, their officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, successors, assigns, or other persons or entities related to or affiliated with Defendants and/or their officers and/or directors, or any of them.  Also excluded from the proposed Class are the Court, the Court's immediate family and Court staff.

### FRCP 23(a) Factors

51.     **Numerosity.** Membership in the Class is so numerous that separate joinder of each member is impracticable.  The precise number of Class Members is unknown at this time but can be readily determined from Defendants' records. Plaintiff reasonably estimates that there are tens of thousands of persons in the Class.

52.     **Adequacy of Representation.** Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.  Plaintiff has retained counsel highly experienced in complex consumer class action litigation and intends to prosecute this action vigorously.  Plaintiff is a member of the Class

described herein and does not have interests antagonistic to, or in conflict with, the other members of the Class.

53.    **Typicality.** Plaintiff's claims are typical of the claims of the members of the Class.  Plaintiff and all members of the Class purchased obsolete, harmful, deceptively labeled and deceptively marketed motor oil from Family Dollar and were subjected to Defendants' common course of conduct.

54.    **Existence and Predominance of Common Questions of Law and Fact.**  There are numerous and substantial questions of law and fact common to all Class Members that control this litigation and predominate over any individual issues.  Included within the common questions are:

a) The amount of Defendants' AMERICAN XT SAE 30 motor oil Defendants sold relative to the other brands of oil on its shelves;

b) The amount of Defendants' AMERICAN XT SAE 30 motor oil sold relative to the limited number of automobiles for which these motor oils are appropriate;

c) Whether Defendants studied the effect of its product placement on its shelves;

d) Whether Defendants studied or tested its label and the effect of its labels on consumers' perceptions;

e) Whether Defendants studied the susceptibility of consumers;

f)  The cost to Defendants to manufacture, distribute, market and sell AMERICAN XT SAE 30 motor oil compared to the revenue it received from its sales;

g)  Whether Defendants misrepresented the safety and suitability of its AMERICAN XT SAE 30 motor oil sold at its stores nationwide;

h)  Whether Defendants' conduct of placing the obsolete AMERICAN XT SAE 30 motor oil next to legitimate, useful motor oil is likely to deceive reasonable consumers;

i)  Whether the warnings provided on the labels of Defendants' AMERICAN XT SAE 30 motor oil were adequate;

j)  Whether Defendants' conduct of hiding the warnings on the back label is likely to deceive reasonable consumers;

k)  Whether Defendants deliberately misrepresented or failed to disclose material facts to Plaintiff and Class Members regarding the obsolete and harmful nature of their AMERICAN XT SAE 30 motor oil;

l)  Whether Defendants knowingly concealed, suppressed, omitted or failed to disclose the harmful and obsolete nature of their AMERICAN XT SAE 30  motor oil with the intent  Plaintiff and Class Members rely on this concealment, suppression or omission in

connection with their purchase of the AMERICAN XT SAE 30 motor oil;

m) Whether Defendants' conduct and scheme to defraud Plaintiff and Class Members is unlawful, unfair, fraudulent, misleading and/or deceitful;

n) Whether the acts of Defendants violated, inter alia, the *New Jersey Consumer Fraud Act, N.J.S.A.* 56:8-1, *et seq.* and/or any other applicable state, common and statutory law;

o) Whether the Class is entitled to injunctive relief prohibiting the wrongful practices alleged herein and enjoining such practices in the future;

p) Whether Plaintiff and members of the Class are entitled to restitution;

q) Whether compensatory, consequential and punitive damages ought to be awarded to Plaintiff and Class Members;

r) Whether Plaintiff and Class Members are entitled to treble damages;

s) Whether Plaintiff and Class Members are entitled to attorneys' fees and expenses, and in what amount;

t) The proper method for calculating damages and restitution classwide; and

u) Whether Plaintiff and Class Members are entitled to declaratory and/or other equitable relief.

## FRCP 23(b)(2)

55.     Defendants have acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and/or corresponding declaratory relief appropriate with respect to the Class as a whole.   The prosecution of separate actions by individual Class Members would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendants.

56.     Injunctive relief is necessary to prevent further fraudulent and unfair business practices by Defendants.  Money damages alone will not afford adequate and complete relief, and injunctive relief is necessary to restrain Defendants from continuing to commit their deceptive, fraudulent and unfair policies.

## FRCP 23(b)(3)

57.     **Common Issues Predominate:** As set forth in detail herein above, common issues of fact and law predominate because all of Plaintiff's NJCFA and common law claims are based on a deceptive common course of conduct. Whether Defendants conduct is likely to deceive reasonable consumers and breaches the implied warranties of merchantability and fitness for a particular purpose is common to all members of the Class and are the predominate issues, and Plaintiff

can prove the elements of her claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims

58.     **Superiority.** A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

a) Given the size of the claims of individual Class Members, as well as the resources of Defendants, few, if any, could afford to seek legal redress individually for the wrongs alleged herein;

b) This action will permit an orderly and expeditious administration of the claims of Class Members, will foster economies of time, effort and expense and will ensure uniformity of decisions;

c) Any interest of Class Members in individually controlling the prosecution of separate actions is not practical, creates the potential for inconsistent or contradictory judgments and would create a burden on the court system;

d) Without a class action, Class Members will continue to suffer damages, Defendants' violations of law will proceed without remedy, and Defendants will continue to reap and retain the substantial proceeds derived from their wrongful and unlawful conduct. Plaintiff

and the Classes have suffered damages as a result of Defendants unlawful and unfair conduct.  This action presents no difficulties that will impede its management by the Court as a class action.

59.     Certification is also warranted under Rule 23(b)(2) of the Federal Rules of Civil Procedure because Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief and declaratory relief appropriate with respect to the Class as a whole.

60.     The claims asserted herein are applicable to all individuals and entities throughout New Jersey who purchased obsolete, harmful, deceptively labeled and deceptively marketed motor oil from Family Dollar.  The State of New Jersey has sufficient state interest through a significant contact or aggregation of contacts to the claims asserted by each member of the Class so that the choice of New Jersey law is not arbitrary or unfair.

## CLAIMS FOR RELIEF

Based on the foregoing allegations, Plaintiff's claims for relief include the following:

## COUNT I
**Violations of the New Jersey Consumer Fraud Act ("NJCFA")**
*N.J.S.A.* **56:8-1,** *et seq.*

61.     Plaintiff hereby incorporates by reference each of the preceding paragraphs as though fully set forth herein.

62.     The NJCFA declares unlawful "[t]he act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby[.]" *N.J.S.A.* 56:8-2.

63.     Defendants have violated the New Jersey Consumer Fraud Act, *inter alia*:

a) Engaging in unconscionable commercial practices as well as deceptive, fraudulent, false and misrepresentatives acts in connection with the sale and marketing of its AMERICAN XT SAE 30 motor oil to consumers by, among other things, placing their obsolete product on the same shelf as legitimate motor oils; and

b) Engaging in unconscionable commercial practices as well as deceptive, fraudulent, false and misrepresentatives acts in connection with the sale and marketing of its AMERICAN XT SAE 30 motor oil to consumers by inadequately, inconspicuously and deceptively

failing to sufficiently warn consumers of the dangers of AMERICAN XT SAE 30 motor oil; and

c) Engaging in unconscionable commercial practices as well as deceptive, fraudulent, false and misrepresentatives acts in connection with the sale and marketing of its AMERICAN XT SAE 30 motor oil to consumers by deceptively and/or misleadingly packaging their product in the same manner as legitimate motor oils, including an SAE label comparable to legitimate motor oils, using misleading and/or deceptive images such as a checkered flag on their product, likely to mislead and/or deceive an average consumer into believing the product was safe and effective in their modern day automobile; and

d) Knowingly concealing, hiding/suppressing, keeping from consumers, omitting or leaving out the material fact that AMERICAN XT SAE 30 motor oil is virtually obsolete and/or harmful to consumers' engines, with the purpose and/or intent that others would rely on this concealment, suppression and/or omission in connection with the purchase of AMERICAN XT SAE 30 brand motor oil.

64.    Plaintiff and Class Members are "persons" as defined by *N.J.S.A.* 56:8 1(d).

65.     Defendants engaged in the "sale" of "merchandise" when they offered for sale and in fact sold to Plaintiff and Class Members AMERICAN XT SAE 30 motor oil. *N.J.S.A.* 56:8-1(c)&(e).

66.     By placing this obsolete oil on the shelf next to legitimate motor oils that are suitable for modern-day automobiles, Defendants attempted to directly and/or indirectly induce consumers to purchase AMERICAN XT SAE 30 brand oil through "advertisement" of this product as defined by *N.J.S.A.* 56:8-1(a).

67.     As a result of Defendants' unconscionable, deceptive, fraudulent, false and/or misrepresentatives practices, Plaintiff and Class Members were caused to suffer an ascertainable loss in that they were caused to purchase obsolete and potentially harmful motor oil they otherwise would not have purchased but for Defendant's unlawful actions.

68.     Pursuant to *N.J.S.A.* 56:8-8, *N.J.S.A.* 56:8-13 and *N.J.S.A.* 56:8-19 Plaintiff and the Class are entitled to (a) actual damages; (b) treble damages; (c) declaratory and injunctive relief, including but not limited to an Order requiring Defendants to cease the acts of unfair competition alleged herein; (d) an Order enjoining Defendants from continuing to utilize its deceptive scheme; (e) full restitution and disgorgement by Defendants of all profits received by Defendants as a result of its wrongful practices; (d) interest at the highest rate allowable by law; (e) costs; and (f) the payment of their attorneys' fees.

69.      Defendants' business acts and practices are unlawful, in part, because they violate *N.J.S.A.* 56:8-1, *et seq.*, which prohibits, among other things, deceptive conduct that is misleading to an average consumer.  Here, Defendants violated the NJCFA by engaging in conduct in connection with the sale and/or marketing of AMERICAN XT SAE 30 brand motor oil which was capable of misleading and likely to mislead an average consumer into purchasing motor oil they believe to be useful and safe in their automobile.

70.      By placing obsolete AMERICAN XT SAE 30 motor oil on the shelf next to and in similar packaging as legitimate motor oils that are suitable for modern-day automobiles, and/or providing only an inconspicuous and unlikely to be noticed/read warning that its product was obsolete, Defendants engaged in unlawful conduct capable of misleading the average consumer into purchasing their AMERICAN XT SAE 30 motor oil.  As a result of this unlawful conduct, Plaintiff and Class Members suffered an ascertainable loss in purchasing this deceptively marketed and obsolete product.

71.      Defendants' actions are unjust, unfair, materially depart from the standards of good faith, honesty in fact and fair dealing in the public marketplace and are thereby unconscionable under the NJCFA.  By placing obsolete brand oils, with little more than a fine print and inconspicuous warning, on their shelves next to and in the same kind of packaging as legitimate oils, Defendants engaged in

unfair and bad faith tactics of advertising and selling their AMERICAN XT SAE 30 motor oil as if it were a legitimate and useful oil for modern day engines. This conduct in connection with the sale and/or advertisement of AMERICAN XT SAE 30 motor oil caused Plaintiff and Class Members to suffer an ascertainable loss.

72.     Plaintiff reserves the right to identify additional provisions of the law violated by Defendants as further investigation and discovery warrants.

73.     Defendants' business acts and practices are also unlawful under *N.J.S.A.* 56:8-1, *et seq.,* because the unconscionable, fraudulent, misrepresentative, deceptive acts perpetuated by Defendants in connection with the sale of their AMERICAN XT SAE 30 motor oil  had the capacity to mislead and/or deceive and in fact, did mislead and/or deceive Plaintiff and Class Members.  Defendants' unlawful acts caused Plaintiff and Class Members to suffer an ascertainable loss including but not limited to the loss of monies spent on the purchase price of AMERICAN XT SAE 30 motor oils, monies which would have been spent on legitimate oils, and monies spent to repair and/or replace engine and/or automotive damage.  Defendants have no justification for their unlawful acts other than to increase, beyond what Defendants would have otherwise realized, their market share and revenue from sale of the motor oil.

74.     Defendants' conduct lacks reasonable and legitimate justification. Defendants have benefited from such conduct and practices while Plaintiff and

Class Members have been misled as to the nature and integrity of the motor oil and have suffered ascertainable losses, namely, the purchase price of this deceptively marketed and sold obsolete motor oil as well as ascertainable losses in the damage to property affected by this obsolete oil.

75.     While Defendants' conveyed the impression to reasonable consumers that its motor oil was safe to use in their automobiles, in actuality, Defendants' motor oil is not suitable for use in the vehicles driven by the vast majority of its customers.

76.     By engaging in the above-described unconscionable, fraudulent, unfair, deceptive misleading and misrepresentative acts and practices, Defendants have committed one or more unlawful acts within the meaning of the NJCFA. Plaintiff and Class Members have suffered an ascertainable loss and have lost money and property, including, but not limited to, the expected utility and performance of their vehicle and/or the difference between the price Class Members paid and the actual worth of the product had Defendants disclosed the true nature of their motor oil.

77.     Plaintiff and Class Members have suffered injuries as a direct and proximate result of Defendants' unlawful acts regarding the sale and advertisement of AMERICAN XT SAE 30 motor oil.

## Count II
## Violations of the New Jersey Consumer Fraud Act (NJCFA)
## Acts of Omission
### *N.J.S.A.* 56:8-1, *et seq.*

78.     Plaintiff herby incorporates by reference each of the proceeding allegations as if fully set forth herein.

79.     Plaintiff and Class Members have suffered an ascertainable loss and have lost money or property as a result of Defendants' violation of *N.J.S.A.* 56:8-1, *et seq.*

80.     By placing nothing more than an inconspicuous, fine print warning obscured by other text on the back of their AMERICAN XT SAE 30 motor oil, packaged in containers similar to legitimate and useful motor oils, Defendants knowingly concealed, hid/suppressed, kept from being known/omitted, left out, or did not mention the fact that their motor oil was obsolete and not suitable for modern day engines.  This act of omission was committed purposely and/or with the intent that consumers would rely on that concealment/suppression and/or omission in connection with the sale and/or advertisement of the AMERICAN XT SAE 30 motor oil.

81.     Defendants knowingly concealed knowledge from consumers that their product was obsolete by placing their product on the same shelf as legitimate motor oils and including only a fine print, inconspicuous warning on the back of their product that the product was in fact obsolete.  Defendants had a duty to reveal

the fact that their motor oil was obsolete to consumers in a conspicuous and fair manner. This concealing, secreting, hiding from observation, covering from sight and preventing discovery of kept Plaintiff and Class Members in ignorance of the true nature of Defendants' AMERICAN XT SAE 30 motor oil.

82.      Defendants had a duty to disclose the material characteristics of its motor oil because it (i) knew about these characteristics at the time that Plaintiff and other Class Members purchased Defendants' AMERICAN XT SAE 30 motor oil; (ii) had exclusive knowledge of material facts that were not known to Plaintiff; and (iii) made representations regarding the quality of its motor oil without disclosing that its motor oil was not suitable for the vehicles driven by most of its customers.

83.      Defendants' knowing concealment of the obsolete nature of AMERICAN XT SAE 30 motor oils was perpetuated with the intent that Plaintiff and Class Members rely on the facts as communicated to them, *i.e.*, that the product was on the same shelf as legitimate motor oils and not conspicuously advertised as obsolete in modern engines, without having the opportunity to also consider the concealed fact that the AMERICAN XT SAE 30 motor oil was not suitable in most all modern day engines.

84.     As a result of Defendants' concealment and/or acts of omission, Plaintiff and Class Members were caused to suffer an ascertainable loss when they purchased AMERICAN XT SAE 30 motor oil.

85.     Defendants further hid/suppressed the obsolete nature of AMERICAN XT SAE 30 motor oil from consumers by placing the product on the same shelf as legitimate motor oils in similarly dressed up containers and failing to conspicuously or meaningfully warn Plaintiff and the Class Members of the true nature of their store brand motor oil.

86.     By placing the AMERICAN XT SAE 30 motor oil on the shelf as legitimate motor oils and failing to meaningfully warn of the product's true nature, Defendants prevented and/or subdued Plaintiff and Class Members from ascertaining the true obsolete nature of AMERICAN XT SAE 30 motor oil.

87.     This suppression was accomplished knowingly and with the intent that Plaintiff and Class Members rely on the facts as communicated to them, *i.e.*, that the product was on the same shelf as legitimate motor oils and not conspicuously advertised as obsolete in modern engines, and be prevented from considering the hid/suppressed fact that the AMERICAN XT SAE 30 motor oil was not suitable in most all modern day engines.

88.     The acts of omission complained of herein caused Plaintiff and Class Members to suffer ascertainable losses in connection with the sale and advertisement of AMERICAN XT SAE 30 motor oil.

### Count III
**Violations of the New Jersey Consumer Fraud Act (NJCFA)**
**False Advertising**
*N.J.S.A.* **56:8-1,** *et seq.*

89.     Plaintiff herby incorporates by reference each of the proceeding allegations as if fully set forth herein.

90.     By placing their obsolete oil on the shelf next to legitimate motor oils suitable for modern-day automobiles, Defendants attempted to directly and/or indirectly induce consumers to purchase AMERICAN XT SAE 30 motor oil. This act was unconscionable, deceptive, fraudulent, false and misrepresentative and was thereby unlawful under the NJCFA.

91.     This act was done with the purpose of misleadingly marketing the AMERICAN XT SAE 30 obsolete oil as comparable to same shelf legitimate motor oils. This act was designed to attract public attention and directly and or indirectly was an attempt by publication, dissemination, solicitation, endorsement, circulation or in any other way to induce Plaintiff and Class Members to purchase AMERICAN XT SAE 30 motor oil.

92.     Defendants' acts of unconscionable, deceptive, fraudulent, false and/or misrepresentative advertising and/or marketing presents a continuing threat

to members of the public because their advertisements induces and has the potential to induce consumers to purchase its motor oil, which is unsafe and not suitable for use in their automobiles, instead of other legitimate motor oils.

93.     By their actions, Defendants are engaging in unfair, deceptive, untrue, or misleading acts in connection with the advertisement and/or marketing of their AMERICAN XT SAE 30 motor oil within the meaning of the NJCFA.  Such advertisements are likely to mislead and/or deceive, have the potential to mislead and/or deceive and continue to mislead and/or deceive, the consuming public for the reasons detailed above.

94.     The above-described false, misleading and deceptive advertising Defendants disseminate continues to have a likelihood to deceive in that Defendants have failed to disclose that their AMERICAN XT SAE 30 motor oil is not suitable for use in the vehicles driven by the overwhelming majority of its customers.

95.     In making and disseminating the statements alleged herein, Defendants should have known its practices were deceptive and/or misleading in violation of *N.J.S.A.* 56:8-1, *et seq.*  Plaintiff and Class Members based their decisions to purchase the obsolete motor oil in substantial part on Defendants' advertisement, product placement, misrepresentations and omitted material facts. The revenues to Defendants attributable to products sold in those false and

misleading advertisements amount to millions of dollars.   Plaintiff and Class

Members were injured in fact, suffered an ascertainable loss and lost money or

property as a result of Defendant's actions in relation to the advertisement of

AMERICAN XT SAE 30 motor oil.

**COUNT IV**
**Violation of *N.J.S.A.* 12A:2A-212 for**
**Breach of Implied Warranty of Merchantability,**

96.      Plaintiff repeats and re-alleges the allegations of the preceding

paragraphs as if fully set forth herein.

97.      Plaintiff and Class Members who purchased AMERICAN XT SAE 30

motor oils were and are purchasers of goods.

98.      Defendants are and were "merchants" with respect to AMERICAN

XT SAE 30 motor oils which were sold to Plaintiff and Class Members.

Encompassed in the sale to Plaintiff and other consumers of this merchandise was

an implied warranty that the AMERICAN XT SAE 30 motor oil was merchantable

within the meaning of *N.J.S.A.* 12A:2-314.

99.      Defendants breached the implied warranty of merchantability to

Plaintiff and Class Members because AMERICAN XT SAE 30 (i) is not fit for the

ordinary purpose for which it is used; (ii) is not adequately contained, packaged

and labeled (*i.e.*, it lacked a sufficiently conspicuous caution label about the risk

posed by the motor oil when used according to the directions on the product

packaging); and (iii) did not conform to the promises or affirmations of fact made on the container or label (*i.e.*, that it was at all suitable to use).

100.     Defendants' failure to warn Plaintiff and Class Members adequately about the defective and unsafe quality of the product was willful.

101.     As a proximate result of Defendants' breach of the implied warranty of merchantability, Plaintiff and Class Members sustained damages including but not limited to the receipt of goods they would not have otherwise purchased and which are likely to cause damage to their automobiles if used in the manner intended.

102.     Pursuant to *N.J.S.A.* 12A:2-714 and 2-715, Plaintiff and Class Members are entitled to damages, civil penalties and other legal and equitable relief including, a right of reimbursement, as well as costs, expenses and attorneys' fees.

### Count V
### Violations of *N.J.S.A.* 12A:2-315 for Breach of Implied Warranty of Fitness For a Particular Purpose

103.     Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

104.     Plaintiff and Members of the Class purchased AMERICAN XT SAE 30 motor oils based on representations, lack thereof, product placement and other means.

105.    Defendants are and were sellers with respect to AMERICAN XT SAE 30 motor oils which were sold to Plaintiff and Class Members.

106.    Defendants specifically marketed AMERICAN XT SAE 30 as motor oil that could be used in its customer's automobiles.  At the time of the sale of the product, Defendants knew or should have known that Plaintiff and Class Members would use AMERICAN XT SAE 30 as motor oil in their modern day motor vehicles and be exposed to these products' potentially harmful qualities. Defendants also knew, or should have known, Plaintiff and the Class would reasonably rely on Defendants' skill or judgment to select or furnish suitable goods.

107.    Plaintiff and Class Members did in fact purchase AMERICAN XT SAE 30 with the particular purpose of using it as motor oil for their automobiles.

108.    Plaintiff and Class Members did in fact reasonably rely on Defendants' skill or judgment to furnish suitable goods.

109.    By manufacturing, marketing, and distributing such products without an adequate warning and by deceptively placing on the shelf next to legitimate motor oils, Defendants breached their implied warranty of fitness for a particular purpose and are liable to Plaintiff and the Class.

110.    Defendants' failure to warn Plaintiff and Class Members adequately about the defective and unsafe quality of the product was willful.

111.     As a proximate result of Defendants' breach of the implied warranty of fitness for a particular purpose, Plaintiff and Class Members sustained damages, including but not limited to the receipt of goods they would not have otherwise purchased and which are likely to cause damage to their automobiles if used in the manner intended.

112.     Pursuant to *N.J.S.A.* 12A:2-714 and 2-715 of the New Jersey Civil Code, Plaintiff and Class Members are entitled to damages, civil penalties and other legal and equitable relief including, a right of reimbursement, as well as costs, expenses and attorneys' fees.

## COUNT VI
### Unjust Enrichment

113.     Plaintiff incorporates the above allegations by reference as if fully set forth herein.

114.     A benefit has been conferred upon Defendants by Plaintiff and Class Members in their purchase of Defendants AMERICAN XT SAE 30 motor oil.

115.     If consumers were aware that Defendants' AMERICAN XT SAE 30 motor oil was not suitable for use in their vehicles, they would not have purchased the product.

116.     Under principles of equity and good conscience, Defendants should not be permitted to retain revenue that it acquired by virtue of its unlawful conduct. All funds, revenue, and benefits received by Defendants rightfully belong to

Plaintiff and Class Members, which Defendants have unjustly received as a result of its actions.

## DEMAND/PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of herself and members of the Class defined herein, prays for judgment and relief as follows:

A. An order certifying that this action may be maintained as a class action;

B. Award to Plaintiff and Class Members full restitution;

C. Treble Damages;

D. An order enjoining Defendants from engaging in the unlawful, unconscionable, fraudulent, deceptive, misleading, misrepresentative acts or practices, as set forth in this Complaint;

E. Compensatory damages;

F. Punitive Damages;

G. Restitution and disgorgement of the unlawful profits collected by the Defendants;

H. An order providing for declaratory and/or injunctive relief:

    1. Declaring that Defendants must provide accurate representations of the quality of the motor oil sold at its stores;

    2. Enjoining Defendants from continuing the deceptive practices alleged herein; and

3. Granting other extraordinary equitable and/or injunctive relief as permitted by law, including specific performance, reformation and imposition of a constructive trust;

I. Prejudgment and post-judgment interest at the prevailing legal rate;

J. Plaintiff's attorneys' fees and costs of suit; and

K. Such other and further relief as the Court may deem necessary and appropriate.

## JURY DEMAND

Plaintiff and Class Members, pursuant to Fed. R Civ. P. 38(b), hereby demand trial by jury.

Respectfully submitted,
**CLARK LAW FIRM, PC**

By:  _____
**GERALD H. CLARK, ESQ.**

Gerald H. Clark, Esq. NJ Bar No.048281997
William S. Peck, Esq. NJ Bar No.020821999
Mark W. Morris, Esq. NJ Bar No. 118292015
811 Sixteenth Avenue
Belmar, New Jersey 07719
Phone: (732) 443-0333
Fax (732) 894-9647

**KANNER & WHITELEY, LLC**

Allan Kanner, Esq. NJ Bar No. 033981980
Cynthia St. Amant, Esq. (*Pro Hac Vice*)
701 Camp Street
New Orleans, LA 70130

Tel: (504) 524-5777
Fax: (504) 524-5763

*Attorneys for Plaintiff*


Dated: February 25, 2016